IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EDWARD CHARLES NICHOLSON,<br><br>        Plaintiff,<br><br>vs.<br><br>JIM HAYES; BUD CUMMINS; JERRY STEWART, M.D.; GENE STEPHENS; CARL JOHNSON, M.D.; RANDY JOHNSON; HARVEY GRIMMER; BOBBI WISE, R.N.; WARDEN, EMERALD CORRECTIONAL MANAGEMENT SERVICES, INC.; MARTY MONTGOMERY; COUNTY CLERK OF PULASKI COUNTY, ARKANSAS; COUNTY CLERK OF FAULKNER COUNTY, ARKANSAS; OFFICE OF THE U.S. ATTORNEY GENERAL; U.S. MARSHAL'S SERVICE, and LINDA SANDERS,<br>        Defendants. | No. 2:06-cv-00170<br><br>INITIAL REVIEW ORDER |

       This is an action brought pro se by an inmate of the Federal Prison Camp in Talladega, Alabama. The undersigned judge has been specially designated by the Honorable James B. Loken, Chief Judge, United States Court of Appeals for the Eighth Circuit, pursuant to 28 U.S.C. § 294(c), to preside over this case.

       Plaintiff's complaint is brought under 42 U.S.C. § 1983 and jurisdiction is predicated on 28 U.S.C. § 1343. Construing the complaint liberally, the court treats the case against the federal defendants as brought pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Plaintiff already has been granted leave to proceed without prepayment of fees, and he has filed an amended complaint that is ready for review pursuant to 28 U.S.C. § 1915A.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A pro se complaint in a proceeding without prepayment of fees must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, it can be dismissed on initial review if the claim is malicious or frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## PLAINTIFF'S ALLEGATIONS

Plaintiff claims that defendants inflicted cruel and unusual punishment on him and were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment and the Due Process Clause. Plaintiff alleges the following facts in support of his complaint: From August 18, 2005, through October 24, 2005, plaintiff was a federal detainee residing at the West Carroll Detention Center, in Epps, Louisiana. When plaintiff entered the facility, plaintiff and the transport team informed defendant Bobbi Wise, Supervising Nurse at the West Carroll Detention Center, of plaintiff's medical history and the medications he was receiving at his previous institution, the Pulaski County Detention Center in Little Rock, Arkansas. Plaintiff alleges he has diabetes, hypertension, anxiety disorder, allergies, and acid reflux. Plaintiff alleges that he did not have his hypertension medication with him, and defendant Wise said she would contact the U.S. Marshals about it. Plaintiff alleges that for a month and a half at the West Carroll Detention Center he did not have adequate medication. On September 27, 2005,

plaintiff wrote to defendant Jim Hayes, Supervising Operations Officer for the U.S. Marshal, and plaintiff filed an inmate grievance for emergency relief. Plaintiff alleges the grievance was given to several people, including defendant Harvey Grimmer, Warden of the West Carroll Detention Center. Later, two officers told plaintiff they could not do anything for plaintiff and that plaintiff should put the grievance in the mailbox. Plaintiff complained to his criminal defense lawyer, and she called the Marshal's office. Eventually plaintiff received his medication but no special diet.

On October 24, 2005, plaintiff returned to the Pulaski County Detention Facility for a detention hearing in his criminal case. On October 27, 2005, United States Magistrate Judge Jerry Cavaneau ordered plaintiff's continued detention and directed the U.S. Marshal and the Attorney General to ensure that plaintiff received appropriate medication and treatment while in custody of the Attorney General. (Pl.'s Ex. A, Clerk's No. 2 at 14.) Immediately after plaintiff's detention hearing on October 27, 2005, medical tests were run at the Pulaski County Detention Facility. Plaintiff was moved to the Faulkner County Detention Facility in Conway, Arkansas, on October 31, 2005. Defendant Hayes told plaintiff's criminal defense counsel that plaintiff would remain at the Faulkner County Jail until they received the medical test results, and the U.S. Marshal's office would then act accordingly.

On November 2, 2005, plaintiff saw defendant Dr. Jerry S. Stewart, Medical Director of the Faulkner County Detention Facility. Plaintiff complained about his medical condition. Defendant Stewart told plaintiff he had to eat what everyone eats, and he prescribed different medications from the ones prescribed for plaintiff at the Pulaski County Detention Center.

Plaintiff alleges that he got sick from the food and began to eat only the bread and applesauce because the food was too spicy.

On November 9, 2005, plaintiff's criminal defense counsel met with plaintiff at the Faulkner County Jail and notified the Marshal's office that plaintiff's medical condition had deteriorated.  Early the next morning, on November 10, 2005, plaintiff started vomiting. Plaintiff alleges that a nurse asked defendant Stewart about giving plaintiff an I.V. because plaintiff was too dehydrated to give a urine sample.  Defendant Stewart examined plaintiff and told plaintiff to return to his cell.  Plaintiff's cellmate showed a deputy Judge Cavaneau's October 27, 2005, order, and plaintiff was taken outside his cell for observation.  Over five hours later, a nurse who had just come on duty saw plaintiff and asked him to come to the infirmary. An hour later plaintiff was taken to the hospital emergency room.  Plaintiff alleges that defendant Lt. Gene Stephens authorized release of plaintiff's medical records in violation of plaintiff's rights under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d, et seq.  Defendant Hayes later informed counsel that plaintiff was taken to the hospital and admitted for hyperkalemia (high potassium), dehydration, and concerns about his cardiac health.  Plaintiff spent the night in the hospital.  He filed three grievances at the Faulkner County Detention Facility about his medical treatment.

On November 14, 2005, plaintiff's counsel moved for plaintiff's release on bond, and Assistant U.S. Attorney Patrick Harris, acting on behalf of defendant Bud Cummins, U.S. Attorney for the Eastern District of Arkansas, filed a resistance to the motion.  (Pl.'s Exs. D &E, Clerk's No. 2 at 29-32.)  Plaintiff was moved to the Pulaski County Detention Center on November 15, 2005.  On November 16, 2005, Judge Cavaneau ordered the parties to provide

relevant medical evidence of plaintiff's ailments and stated, "I am concerned about the issue of health care and will need the above information to make a decision on Defendant's continued custody. If necessary, a hearing will be set." (Pl.'s Ex. F, Clerk's No. 2 at 35.) While at the Pulaski County Detention Center, a nurse practitioner informed plaintiff that his urine sample showed a high concentration of protein and blood, and she prescribed numerous medications for plaintiff, including antibiotics. Plaintiff's blood sugar often was so low he could not get out of bed and staggered when he walked. He filed a grievance to receive double portions of food and a diabetic snack at night, to no avail. Plaintiff took his medication on an empty stomach, which made plaintiff ill. Plaintiff complained about problems with his vision. Defendant Dr. Carl Johnson, Medical Director at the Pulaski County Detention Facility, saw plaintiff, and allegedly said plaintiff could not see an eye doctor and Johnson would not order additional meals for plaintiff. Plaintiff's counsel relayed plaintiff's complaints to defendant Hayes, but plaintiff received no help.

On December 27, 2005, plaintiff appeared for another bond hearing before Judge Cavaneau. Plaintiff alleges he was surprised when his sentencing also occurred on December 27, 2005. In an attachment to the judgment and commitment order, the Honorable J. Leon Holmes acknowledged plaintiff's medical history, noted tremors in plaintiff's left hand during the proceedings, and ordered, "the Marshal must be sure that his medical needs are met during the time of transport to the Bureau of Prisons. The Bureau should evaluate his health needs and house him in a facility which can provide appropriate care and diet for his conditions." (Pl.'s Ex. M, Clerk's No. 2 at 43.)

Plaintiff was placed at the Federal Correctional Complex in Forrest City, Arkansas. Plaintiff states his medical evaluation indicates plaintiff has severe diabetic retinopathy, acute kidney failure, anemia, hypertension, allergies, and hyperkalemia. He alleges that in the time he was there, he received only several passes for convalescence. Plaintiff alleges that defendant Linda Sanders, Warden of the facility, is responsible for actions not taken by her staff.

There is no private cause of action under HIPAA, see Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006) (no private right of action under HIPAA), therefore plaintiff does not state an arguable claim against defendant Stephens, who gave consent for release of plaintiff's medical records. Plaintiff makes no allegations that defendants acted pursuant to a policy or practice, and plaintiff makes no specific allegations against defendants Randy Johnson, Emerald Correctional Management Services, Inc., Marty Montgomery, the Clerk of Pulaski County, the Clerk of Faulkner County, the Office of the U.S. Attorney General, Bud Cummins, the U.S. Marshal's Service, or Linda Sanders. Respondeat superior is not a basis for relief in a section 1983 or Bivens action. See Monell v. Department of Social Servs, 436 U.S. 658, 694 (1978) (no supervisory liability under § 1983; must allege pattern or practice); see also Buford v. Runyon, 160 F.3d 1199, 1203 & n.7 (8th Cir. 1998) (no respondeat superior in Bivens action); Tilson v. Forrest City Police Dep't, 28 F.3d 802, 806 (8th Cir. 1994) (officer liable only "if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation" (citation omitted)). Consequently, plaintiff fails to state an arguable claim against these defendants, and they will be dismissed. Plaintiff's only allegation against defendant Grimmer, Warden at the West Carroll Detention Facility, is that a grievance given to several individuals was also given to Grimmer. Plaintiff does not allege Grimmer

actually saw the grievance or was responsible for responding to the grievance; consequently, plaintiff's allegations do not rise to the level of an arguable claim against Grimmer, and he will be dismissed as a defendant.

The complaint against Hayes, Wise, Stewart, and Johnson does not appear to be frivolous.

## ORDERS

For the foregoing reasons, the court **dismisses** the complaint as to defendants Bud Cummins, Harvey Grimmer, Gene Stephens, Linda Sanders, Randy Johnson, Emerald Correctional Management Services, Marty Montgomery, the Clerk of Pulaski County, the Clerk of Faulkner County, the Office of the U.S. Attorney General, and the U.S. Marshal's Service. See 28 U.S.C. § 1915A(b).

Service of process shall issue by mail to defendants Nurse Bobbi Wise at the West Carroll Detention Center, Dr. Jerry Stewart at the Faulkner County Detention Center, Dr. Carl Johnson at the Pulaski County Detention Center, Supervising Operations Officer Jim Hayes at the U.S. Marshal's Service for the Eastern District of Arkansas, and service of process shall issue by mail to the United States Attorney, the West Carroll County Attorney, the Faulkner County Attorney, and the Pulaski County Attorney.

The U.S. Attorney and the County Attorneys are directed to notify this court immediately if they lack the consent of their defendants to appear generally on their behalf and submit to the jurisdiction of the court. Because the court has found that a reply is necessary pursuant to 42 U.S.C. § 1997e(g)(2), defendants must reply to this complaint within 60 days.

**IT IS SO ORDERED**.

Dated this 19th day of July, 2007.

_____
HAROLD D. VIETOR
Senior U.S. District Judge