IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| EDWARD CHARLES NICHOLSON,<br><br>       Plaintiff,<br><br>vs.<br><br>JIM HAYES; GARRY STEWART, M.D.; CARL JOHNSON, M.D., and BOBBI WISE, R.N.;<br>       Defendants. | No. 2:06-cv-00170<br><br>RULING REGARDING DEFENDANT WISE'S MOTION TO DISMISS AND RULING GRANTING PLAINTIFF'S MOTION FOR COUNSEL |

      This is an action brought pro se by an inmate of the Federal Prison Camp in Talladega, Alabama. The undersigned judge has been specially designated by the Honorable James B. Loken, Chief Judge, United States Court of Appeals for the Eighth Circuit, pursuant to 28 U.S.C. § 294(c), to preside over this case.

      Plaintiff alleges that defendants inflicted cruel and unusual punishment on him and were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment and the Due Process Clause. In an initial review order, the court dismissed several defendants and allowed the case to go forward against defendants Hayes, Stewart, Johnson, and Wise.

      Three motions are pending before the court. Defendant Wise moves to dismiss the action against her based on lack of personal jurisdiction and insufficient service. Defendant Hayes moves to dismiss the action against him for failure to state a claim, or, in the alternative, for summary judgment. Plaintiff seeks appointment of counsel. Plaintiff resists Wise's motion, and he has not responded to Hayes's motion. For the following reasons, the court transfers plaintiff's

action against Wise to the United States District Court for the Western District of Louisiana, grants plaintiff's request for counsel, and directs counsel for plaintiff to respond to Hayes's motion.

## MOTION TO DISMISS BY DEFENDANT WISE

Plaintiff alleges that for approximately two months in 2005, he was housed as a federal detainee at the West Carroll Detention Center, in Epps, Louisiana.  When plaintiff entered the facility, plaintiff and the transport team informed defendant Bobbi Wise, Supervising Nurse at the West Carroll Detention Center, of plaintiff's medical history and the medications he was receiving at his previous institution, the Pulaski County Detention Center in Little Rock, Arkansas.  Defendant Wise argues she has no contact with the State of Arkansas, where plaintiff brought this action.  Plaintiff responded to Wise's motion, but plaintiff did not address Wise's jurisdictional arguments.

"A federal court may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution."  Dakota Indus., Inc. v. Ever Best Ltd., 28 F.3d 910, 915 (8th Cir. 1994).  Arkansas's long-arm statute extends personal jurisdiction over nonresidents to the extent permitted by the Constitution.  Ark. Code Ann. § 16-4-101(B).  The Due Process Clause requires "minimum contacts" between a defendant and the forum State.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).  Minimum contacts are based on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

2

The Due Process Clause additionally forbids the exercise of personal jurisdiction if it would be inconsistent with "traditional notions of fair play and substantial justice." Asahi Metal Indus. Co. v. Superior Court of Calif., 480 U.S. 102, 113 (1987) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Plaintiff brought his suit in Arkansas. Wise's only connection to plaintiff was in Louisiana, where Wise resides and works at the facility to which plaintiff was transferred. Plaintiff does not allege that Wise had a role in plaintiff's transfer from Arkansas to Louisiana, and his complaint against her arises from acts that occurred only in Louisiana, not Arkansas. Consequently, Wise does not have minimum contacts with Arkansas sufficient for this court to exercise personal jurisdiction over Wise.

Although this court lacks personal jurisdiction over defendant Wise, this court finds it is in the interest of justice to transfer the action against Wise to the court in which it could have been brought. See 28 U.S.C.§ 1631 (transfer to cure want of jurisdiction). The action against Wise will be transferred to the United States District Court for the Western District of Louisiana. The court deems moot Wise's motion to dismiss for lack of personal jurisdiction. The court does not address Wise's argument based on insufficient service.

## MOTION TO APPOINT COUNSEL BY PLAINTIFF

Plaintiff seeks counsel. The court has considered the factors set out in Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995), and has determined that plaintiff should have assistance of counsel. Attorney Keith M. McPherson, Laser Law Firm, P.A., 101 S. Spring Street, Suite 300, Little Rock, Arkansas, 72201, telephone number (501)

376-2981, is hereby appointed, in conformity with Rule 83.7 of the Local Rules for the Eastern and Western Districts of Arkansas, to represent plaintiff in all further proceedings in this case.

The clerk of court is directed to send Mr. McPherson a copy of this Order and Local Rule 83.7. Counsel may access the file from CM/ECF. In addition, a copy of the file will be provided to counsel in electronic format. If counsel is unable to access the copy of the file or CM/ECF, he should contact Ms. Suzy Flippen at 501-604-5110. Under Rule 83.7, counsel must make written application to withdraw within fifteen (15) days of the date of this order; otherwise, the appointment will be effective. Counsel shall file a response to defendant Hayes's pending motion by not later than January 22, 2008.

## RULINGS

This court does not have jurisdiction to entertain plaintiff's case against defendant Bobbi Wise. The clerk of court shall transfer the action against Wise to the United States District Court for the Western District of Louisiana.

The court grants plaintiff's request for counsel (Clerk's No. 42) and directs attorney Keith M. McPherson to appear and respond to the pending motion as directed.

**IT IS SO ORDERED**.

Dated this 18th day of December, 2007.

_____
HAROLD D. VIETOR
Senior U.S. District Judge